SUMMARY ORDER

You Xiu Lin, a native and citizen of the People’s Republic of China, seeks review of a May 15, 2008 order of the BIA, affirming the January 30, 2007 decision of Immigration Judge (“IJ”) Michael W. Straus, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re You Xiu Lin, No. A98 224 879 (B.I.A. May 15, 2008), aff'g No. A98 224 879 (Immig. Ct. Hartford Jan. 30, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief on closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions for the of completeness if doing so does not affect our ultimate conclusion. Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
The only issue on appeal is whether the agency erred in finding that Lin, presumed credible, did not have a well-founded fear of future persecution.[2] We find that the agency reasonably concluded that Lin failed to establish a well-found fear of future persecution. Indeed, in finding that her purported fear of persecution was not objectively reasonable, the agency properly relied, in part, on the fact that Lin’s mother and sister, who still attend her underground church in China, have lived unharmed since her departure from that country. See Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant’s mother and daughters continued to live in petitioner’s native country, claim of well-founded fear was weakened). Moreover, the agency *17 considered the country conditions evidence in the record and reasonably concluded that such evidence did not demonstrate that underground church members, who number in the millions, have an objectively reasonable fear of persecution. Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (holding that the agency is “entitled to rely on [country condition reports], so long as in doing so it did not overlook any contradictory evidence directly presented by petitioner”).
Accordingly, as the agency reasonably found that Lin failed to demonstrate a well-founded fear of persecution, it reasonably denied her application for asylum and withholding of removal.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. In her brief, Lin does not challenge the agency's determination that she did not suffer past persecution or establish a likelihood that she will be tortured. Accordingly, we deem any such arguments waived. See Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).